IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT GLEN DAVIS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3252 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM ORDER AND OPINION**

State inmate Robert Glen Davis, proceeding *pro se*, filed this section 2254 habeas petition challenging his 2003 conviction and life sentence for aggravated sexual assault of a child. Respondent filed an answer with a motion to dismiss for lack of jurisdiction, arguing that the instant petition is successive. (Docket Entry No. 5.) Petitioner filed a response to the motion. (Docket Entry No. 14.)

Based on consideration of the motion, the response, the records, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this petition as successive, for the reasons that follow.

*Background*

On November 7, 2008, petitioner filed a separate section 2254 habeas petition challenging his 2003 conviction under three grounds for relief: (1) actual innocence; (2) ineffective assistance of counsel in failing to investigate, present potential witnesses,

impeach the State's witness, and obtain a *Daubert* hearing; and (3) an unconstitutional life sentence. *Davis v. Quarterman*, C.A. No. H-08-3313 (S.D. Tex.). On June 22, 2009, the magistrate judge filed a recommendation that the habeas petition be denied, and the federal judge adopted the recommendation on August 7, 2009. The Fifth Circuit Court of Appeals denied petitioner's appeal of that dismissal on March 9, 2010. *Davis v. Thaler*, No. 09-20569 (5th Cir. 2010).

In the instant petition, petitioner challenges his 2003 conviction under the following three grounds: (1) actual innocence; (2) ineffective assistance of counsel in failing to investigate, present potential witnesses, impeach the State's witness, and obtain a *Daubert* hearing; and (3) an unconstitutional life sentence. A careful review of this petition reveals that it is a nearly word-for-word duplicate of his unsuccessful petition in *Davis v. Quarterman*, C.A. No. H-08-3313 (S.D. Tex.). Petitioner concedes that the only material difference is that, due to a "typing error" in the other petition, he omitted the names of four other potential witnesses; these names appear in the instant petition. Petitioner faults the Clerk's Office for not filing the two petitions under the same case number, despite his failure to alert the Clerk's Office to the parallel pleadings.

In his response to the motion to dismiss, petitioner withdraws his actual innocence and unconstitutional sentencing claims. He argues that, because the instant petition adds the four additional omitted witnesses, it raises a new and independent ineffective assistance claim and should not be dismissed as successive.

*Analysis*

Under the gatekeeping provisions of 28 U.S.C. § 2244,

(a)     No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)     A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

    (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)      Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

Section 2244 does not define what constitutes a second or successive habeas petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  However, the Fifth Circuit has held that a habeas petition is not successive solely because there was a previous habeas action.  *Id.*; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Rather, a petition is successive if it consists of claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of that writ.  *Id.*; *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003).

With respect to petitioner's ineffective assistance claims (except as to the four "omitted" witnesses), it is clear that such challenges were presented to and rejected by the federal district court in *Davis v. Quarterman*, C.A. No. H-08-3313 (S.D. Tex.).  The primary purpose of section 2244(b) is to prevent habeas petitioners, such as petitioner here, from repeatedly attacking their convictions and sentences after they have had a fair opportunity to do so.  *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000).  Accordingly, petitioner's ineffective assistance claims that were rejected in C.A. No. H-08-3313 have been determined and may not be reconsidered by this Court.  28 U.S.C. §§ 2244(a), (b)(1).

Further, as to petitioner's ineffective assistance claim regarding the four additional omitted witnesses, petitioner admits that such claim could have been, and was intended to be, included in C.A. No. H-08-3313.  Thus, the instant petition is successive as to the issue.  *Crone.*  Neither petitioner nor public records for the Fifth Circuit reveal that petitioner is

4

authorized to pursue this successive habeas claim, and this Court is without jurisdiction to consider the claim.

Consequently, petitioner's instant habeas challenge to the validity of his 2003 conviction for aggravated sexual assault of a child must be dismissed for lack of jurisdiction, subject to petitioner's requesting and obtaining authorization from the Fifth Circuit Court of Appeals to pursue a successive petition.

*Conclusion*

For these reasons, the motion to dismiss (Docket Entry No. 5) is GRANTED and this case is DISMISSED FOR LACK OF JURISDICTION as an unauthorized successive federal habeas petition.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on April 7, 2010.

_____

Gray H. Miller
United States District Judge